IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TORREY COLEMAN; CHAD R. WOFFORD; and DEVIN THOMAS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 320-014 |
| WARDEN NATHAN BROOKS; DEPUTY WARDEN BEASLEY; DEPUTY WARDEN McCLOUD; DEPUTY WARDEN KEITH; CAPTAIN THOMAS; DEPUTY SPIRES; NURSE MURRY; MRS. FISH; DEPUTY WARDEN WICKER; LIEUTENANT SYATHS; MRS. WILCOX; MRS. RICKS; MRS. STEWART; MRS. CLARK; TELFAIR STATE PRISON; OFFICER SMITH D.; and MAIL SUPERVISOR UNKNOWN, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs, incarcerated at Telfair State Prison in Helena, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and Plaintiff Torrey Coleman filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

---

[1]The Court **DIRECTS** the **CLERK** to update the list of Plaintiffs and Defendants on the docket in accordance with the caption of this Report and Recommendation, which is consistent with those individuals who signed the complaint and the list of Defendants. (See doc. no. 1-2, pp. 2, 12.)

**I.      BACKGROUND**

Plaintiffs commenced this case by submitting a thirteen-page complaint, along with several exhibits, to the Clerk of Court in the Southern District of Georgia.  (Doc. no. 1-2.)  Plaintiffs' complaint lists twenty-six named individuals as potential plaintiffs and raises claims under 42 U.S.C. § 1983 against Defendants regarding prison conditions at Telfair State Prison.  (Id. at 1-2.)  However, of those listed as plaintiffs, only three signed the complaint.  (See id. at 12.)  Under Fed. R. Civ. P. 11, every pleading, motion, or other paper presented for filing must be signed.  Therefore, only those individuals who are listed as Plaintiffs and signed the complaint will be considered Plaintiffs in the current case.  See Haines v. Kerner, 404 U.S. 519, 520, (1972) ("*Pro se* claims for relief are held to "less stringent standards than formal pleadings drafted by lawyers.").  Only Plaintiff Coleman filed a motion to proceed IFP.  (See doc. no. 2.)

**II.     DISCUSSION**

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions."  Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation."  Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP.  Id. at 1198.  The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be

2

required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

In this case, Plaintiffs are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed together in this action would permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases. In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in three new lawsuits, with the same filing dates and three separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiff Coleman's motion to proceed IFP into the new case number associated with him. Once the three new lawsuits are opened, all Plaintiffs, except for

3

Plaintiff Coleman, must submit their own motions to proceed IFP or pay the full filing fee within twenty-one days of the date the Clerk opens the case.

SO REPORTED and RECOMMENDED this 26th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA